UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NANCY DIAZ and MIGUEL RAMOS-HERNANDEZ,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLORIDA DEFAULT LAW GROUP, P.L., a Florida professional limited liability company,<br><br>Defendant. | Case No.: 3:09-cv-524-J-32MCR<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>FILED 2009 JUN 11 A 9 54<br>CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE |

## CLASS ACTION COMPLAINT

This is a class action Complaint in which Plaintiffs, NANCY DIAZ and MIGUEL RAMOS-HERNANDEZ, on behalf of themselves and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, by and through the undersigned Counsel of Record, complain and allege, upon information and belief, except as to those paragraphs applicable to the named Plaintiffs, which are based on personal knowledge, against Defendant, Florida Default Law Group, P.L. as follows:

## PARTIES

1. Plaintiff and Class Representative:

   a. NANCY DIAZ is, and at all times material was, a resident of Clay County, Florida, is over the age of eighteen, and is otherwise *sui juris*.

   b. MIGUEL RAMOS-HERNANDEZ is, and at all times material was, a

resident of Clay County, Florida, is over the age of eighteen, and is otherwise *sui juris*.

## CLASS ACTION ALLEGATIONS

2. Putative Class Members:

   a. Plaintiffs bring this action on their own behalf and as Class Representative on behalf of a class (the "Class") consisting of the following:

   > Any and all individuals who are "consumers" as defined by 15 U.S.C. §1692, the Fair Debt Collections Practices Act, to whom the defendant, while collecting or attempting to collect any debt, sent communication via U.S. Mail in an envelope upon which was printed the words "Florida Default Law Group, P.L." during the period June 11, 2008 to present.

   b. The Class Period is June 11, 2008 to present.

   c. There are hundreds of geographically dispersed putative members of the Class. Accordingly, the Class is so numerous that joinder of all members is impractical.

   d. The Class is ascertainable, as the names and addresses of all Class Members can be identified in the business records maintained by Defendant.

   e. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.

   f. Plaintiffs will fairly and adequately protect the interests of the Class, and have no interests adverse to, or which directly and irrevocably conflict with, of other Class members.

g. Plaintiffs are represented by a firm that is experienced and competent in the prosecution of class action litigation.

h. There are questions of law and fact that are common to the Class which predominate over questions affecting only individual Class Members. Such common questions include, but are not limited to, the following:

  I. Whether Defendant's actions, as alleged herein, violated 15 U.S.C §1692, The Fair Debt Collection Practices Act.

  ii. Whether any of Defendant's actions, as alleged herein, are continuing in nature.

  iii. Whether Defendant's actions, as alleged herein, constitute intentional noncompliance with the law.

  ix. Whether Plaintiffs and the Class are entitled to injunctive relief to rectify the alleged violations of law.

  x. The appropriate measure of damages sustained by Plaintiffs and other members of the class.

i. Plaintiffs' claims are typical of the claims of the Class Members because they originate from the same statute, and because Defendant has acted in the same way toward Plaintiffs and the Class Members.

j. Defendant's actions toward the Class are identical or substantially similar, and arise out of a course of illegal conduct, as alleged herein, which violates the Fair Debt Collection Practices Act and causes injury and damage to the Plaintiffs and the Class Members.

k. Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiffs are committed to the vigorous prosecution of this action, have retained counsel competent and experienced in class litigation, and have no interests antagonistic to or in conflict with those of the Class. As such, Plaintiffs are adequate representatives of the Class.

l. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment will allow a large number of similarly situated persons to prosecute their claims in a single forum simultaneously and without unnecessary duplication of effort that would result from numerous individual actions.

m. Individual litigation of hundreds of cases would unduly burden the courts. Individual litigation would present a potential for inconsistent or contradictory results, and would increase the delay and expense to all parties and the court system.

n. This action is maintainable as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure, since the unlawful actions of Defendant, as alleged herein, have been taken on grounds equally applicable to all Class Members, thereby making final injunctive or declaratory relief appropriate with respect to the Class as a whole.

o. This action is maintainable under Rule 23(b)(3), Federal Rules of Civil Procedure, as common questions of law and fact described above predominate over any questions affecting only individual members, and a

class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. Defendant, Florida Default Law Group, P.L., is a Florida limited liability company with its principal place of business at 9119 Corporate Lake Drive, Suite 300, Tampa, Florida 33634.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this action. This Complaint is brought against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*, for injunctive and equitable relief, to recover damages and the costs of this suit, including reasonable attorney's fees, sustained by Plaintiffs and the Class Members by reason of Defendant's violations of federal law as more fully set forth hereunder.

5. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b) and ( c) because, during the Class Period, Defendant resided, transacted business, or had agents in the district, and because a substantial part of the events giving rise to Plaintiffs' and Class Members' claims occurred in the Middle District of Florida.

7. No other forum would be more convenient for the parties and witnesses to litigate this action.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. 1692**

8. Plaintiffs, on behalf of themselves and each Class Member, repeats and realleges paragraphs 1 through 7 above if as fully set forth herein.

9. This count is brought by Plaintiffs in their individual and representative capacities against Defendant.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

11. Plaintiff, NANCY DIAZ, is a "consumer" as defined by 15 U.S.C. §1692a (3).

12. Plaintiff, MIGUEL RAMOS-HERNANDEZ, is a "consumer" as defined by 15 U.S.C. §1692a (3).

13. The Class Members are "consumers" as defined by 15 U.S.C. §1692a (3).

14. During the Class Period, Defendant engaged in conduct with the purpose of collecting or attempting to collect a debt, individually, from each Plaintiff and each Class Member.

15. During the Class Period, communicated with each Plaintiff and each Class Member by use of the United States Mail.

16. During the Class Period, sent mail to each Plaintiff and each Class Member in an envelope upon which was printed, on the outside of the envelope, the name of the Defendant's business: Florida Default Law Group, P.L.

17. By sending mail to each Plaintiff and each Class Member in an envelope upon which was printed, on the outside of the envelope, the words "Florida Default Law Group, P.L.," Defendant violated the Fair Debt Collection Practices Act, specifically 15 U.S.C. §1692f (8).

18. Defendant's actions have irreparably harmed, and if not enjoined, will continue to irreparably harm each Plaintiff and each Class Member.

19. Defendant's actions have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public. By virtue of the Fair Debt Collection Practices Act, the

general public has an interest in being free from harassment and intimidation.

20. Plaintiffs', Class Members', and the general public's remedy at law is not adequate to protect them from injuries inflicted by Defendant's violation of the Fair Debt Collection Practices Act. Accordingly, Plaintiffs, Class Members, and the general public are entitled to permanent injunctive relief.

21. As a result of Defendant's violation of the Fair Debt Collection Practices Act, each Plaintiff and each Class Member sustained actual damages, including, but not limited to, embarrassment, humiliation, and mental anguish.

22. Pursuant to 15 U.S.C. §1692k, each Plaintiff and each Class Member is entitled to recover from Defendant the sum of any actual damages sustained and statutory damages.

23. Pursuant to 15 U.S.C. §1692k (3), Plaintiffs and Class Members are entitled to recover from Defendant the costs of this action together with reasonable attorney's fees.

24. Each Plaintiff and each Class Member has been damaged by Defendant's violation of the Fair Debt Collection Practices Act in an amount to be determined at trial.

WHEREFORE, Plaintiffs, individually and on behalf of the Class Members, respectfully requests that this Court enter judgment as follows:

A. The Court determine that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

B. The Court certify the class as follows:

> Any and all individuals who are "consumers" as defined by 15 U.S.C. §1692, the Fair Debt Collections Practices Act, to whom the defendant, while collecting or attempting to collect any debt, sent communication via U.S. Mail in an envelope

upon which was printed the words "Florida Default Law Group, P.L." during the period June 11, 2008 to present.

C. The Court appoint a Class Representative for the Class.

D. The Court adjudge and appoint Plaintiffs' Counsel of Record as Counsel for the Class.

E. The Court adjudge and decree that Defendant's conduct, as alleged herein, violated 15 U.S.C §1692f (8) of the Fair Debt Collection Practices Act.

F. The Court adjudge and decree that Defendant be permanently enjoined from sending any communication through the United States Mail, while engaged in collecting or attempting to collect any debt, in an envelope upon which is printed, on the outside of the envelope, the words "Florida Default Law Group, P.L."

G. The Court adjudge and decree that Defendant be enjoined from any further violations of the Fair Debt Collection Practices Act.

H. The Court adjudge and decree that Defendant be ordered to pay damages under applicable statutes.

I. The Court adjudge and decree that Defendant be ordered to pay Plaintiffs' reasonable attorney's fees and costs of this action.

J. The Plaintiffs and the Class Members any and other such relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class Members, pursuant to Rule 38 of the

Federal Rules of Civil Procedure, request a trial by jury of all the claims asserted in this Complaint so triable.

Dated this 10th day of June, 2009.

>Law Office of Bohdan Neswiacheny
>Attorneys for Plaintiffs
>151 College Drive, Suite 5
>Orange Park, Florida 32065
>(904) 276-6171
>(904) 276-1751 FAX
>
>BY: _____
>JAMES E. KALLAHER
>Florida Bar No: 474290

JEK:nd