**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NANCY DIAZ, et al.,

        Plaintiffs,

vs.                                              Case No. 3:09-cv-524-J-32MCR

FLORIDA DEFAULT LAW GROUP, P.L.,

        Defendant.

## ORDER

This putative class action involves claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiffs sued the defendant law firm Florida Default Law Group, P.L. alleging that defendant violated the unfair practices portion of the FDCPA by sending collection notices to them in envelopes bearing defendant's name, which plaintiffs argue indicates that defendant is in the debt collection business. Defendant contends that it was not engaging in "debt collection activity" but rather was "in the process of" foreclosing on a mortgage and thus is not liable under the FDCPA. The case is before the Court on defendant Florida Default Law Group P.L.'s Motion For Summary Judgment. (Doc. 13.) The Court considers the motion and exhibits, the subsequent response and reply and exhibits, the parties' supplemental briefing, and defendant's supplemental memorandum. (Docs. 14, 15, 17, 18, 25.) The Court heard oral argument on August 30, 2010, the record of which is incorporated by reference. (Doc. 22.)

**I.     Background**

Plaintiffs Nancy Diaz and Miguel Ramos-Hernandez bring this action individually and on behalf of others[1] alleging defendant violated 15 U.S.C. § 1692f(8) of the FDCPA, "while collecting or attempting to collect" a debt, by sending a "communication via U.S. Mail in an envelope upon which was printed the words 'Florida Default Law Group, P.L.' during the period [of] June 11, 2008 to present." (Doc. 1 at 2 .)  Specifically, plaintiffs allege that they are consumers, as defined by 15 U.S.C. § 1692a(3), that defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), that defendant "sent mail to each Plaintiff . . . in an envelope upon which was printed, on the outside of the envelope, the name of Defendant's business: Florida Default Law Group, P.L.," and that defendant was "engaged in conduct with the purpose of collecting or attempting to collect a debt, individually, from each Plaintiff." (Doc. 1 at 6.)

Copies of the envelopes are not before the Court.  However, defendant admits that "it utilizes envelopes that bear the printed name of its business as part of the return address." (Doc. 7 at 5.)  Defendant, in support of its motion for summary judgment, submitted copies of letters—called "Hello Letters"—which it sent to plaintiffs Diaz and Ramos-Hernandez in these envelopes. (Docs. 13-2 at 1-4; 13-3 at 3-4.)  The letter sent to plaintiff Diaz states in full:

---

[1] The Court previously held the issue of class certification in abeyance until the resolution of motions for summary judgment.  (Doc. 12.)

**FLORIDA DEFAULT LAW GROUP, P.L.**
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3RD FLOOR
TAMPA, FLORIDA 33634

Please reply to:　　　　　　　　　　　　　　　　　　　　Telephone (813) 251-4766
Post Office Box 25018　　　　　　　　　　　　　　　　　　Telefax (813) 251-1541
Tampa, FL 33622-5018

April 15, 2009

NANCY DIAZ
2873 ROBINETTE DRIVE
ORANGE PARK, FL 32073

Re:
| | |
|---|---|
| Loan Number: | 21828405 |
| Mortgage Servicer | CHASE HOME FINANCE LLC |
| Creditor to whom the debt is owed: | DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES |
| Property Address: | 2873 ROBINETTE DRIVE, ORANGE PARK, FL 32073 |
| Our File No.: | F09042581 |

Dear Borrower:

The law firm of Florida Default Law Group, P.L. (hereinafter referred to as "law firm") has been retained to represent DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES with regards to its interests in the promissory Note and Mortgage executed by NANCY DIAZ on August 30, 2005. Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $158,957.32, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage. Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. Our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory Note and Mortgage. Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please contact this law firm at (813) 251-4766 or client.services@defaultlawfl.com.

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid. If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed, this law firm will obtain verification of the debt or a copy of the judgment against you, if any, and mail it to you. Also, upon your written request within thirty (30) days after your receipt of this letter, this law firm will provide you with the name and address of the original creditor, if different from the current creditor. Florida Default Law Group, P.L. is a debt collector. This law firm is attempting to collect a debt, and any information obtained will be used for that purpose.


EXHIBIT A

All written requests should be addressed to Tamara M. Walters, Florida Default Law Group, P.L., P.O. Box 25018, Tampa, Florida 33622-5018.

This law firm is in the process of filing a Complaint on the promissory Note and Mortgage to foreclose on real estate. The advice in this letter pertains to your dealings with this law firm as a debt collector. It does not affect your dealings with the Court, and in particular, it does not change the time at which you must answer the Complaint. The Summons is a command from the Court, not from this law firm, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this letter also does not affect this law firm's relations with the Court. This law firm may file papers in the suit according to the Court's rules and the judge's instructions.

Finally, if you previously received a discharge in a bankruptcy involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a debt from you personally. This law firm is seeking solely to foreclose the creditor's lien on real estate and this law firm will not be seeking a personal money judgment against you.

If you have questions regarding this matter, please do not hesitate to contact this law firm.

Sincerely,

Florida Default Law Group, P.L.

### NOTICE

**Florida Default Law Group, P.L. is a debt collector. This Firm is attempting to collect a debt, and information obtained may be used for the purpose.**

(Doc. 13-4.)

Although much of the language in the letter, when viewed out of context, may appear to be an attempt to collect a debt directly from the plaintiff, most of this language actually tracks the disclosure requirements of the FDCPA. Specifically, section 1692g requires a debt collector to send a written notice to the consumer within five days of the initial communication including the amount owed, the name of the creditor, and details of the debt validation process. Moreover, section 1692e(11) requires a debt collector to disclose in the initial communication that the firm "is attempting to collect a debt and that any information obtained will be used for that purpose." (Id.) In fact, when the disclosures required under the FDCPA are taken out, the letters did little more than notify plaintiffs that defendant was in the process of initiating foreclosure actions.[2]

According to Ronald Richard Wolfe, managing partner of Florida Default Law Group, P.L., "FDLG [defendant] is a full service creditors' rights firm which represents lenders, creditors and loan servicers throughout Florida." (Doc. 13-3 at 1.) Wolfe states that the law firm was "retained to represent" the plaintiffs' creditor "to prosecute a foreclosure action" against plaintiffs Diaz and Ramos-Hernandez. (Id. at 2, 3.) Wolfe asserts that each "Hello Letter" was sent within days of Florida Default Law Group's retention and that foreclosure

---

[2] Moreover, much of the language in the penultimate paragraph of the letters appears to be taken from the language that the Second Circuit has suggested should be included in validation notices sent during the initiation of legal proceedings. See Goldman v. Cohen, 445 F.3d 152, 157 (2d Cir. 2006).

complaints were filed soon thereafter.[3]  Wolfe states that "[t]he law firm's practice in preparing and sending a Hello Letter to the borrower is in part to comply with the provisions of the FDCPA, but also in part to advise the debtor that the firm has been retained to represent the borrower's creditor to prosecute a foreclosure action, which in turn, provides the borrower with information on how to contact the law firm."  (Id. at 4-5.)  According to Wolfe, "[a]lthough the firm is not retained to collect the debt, but to only foreclose on the real property, it was the firm's good faith belief that it was obligated to comply with this provision [15 U.S.C. § 1692g(a)] of the Fair Debt Collection Practices Act."  (Id. at 5.)[4]

## II.  Discussion

"The FDCPA imposes liability on 'debt collectors' who fail to comply with its provisions when collecting a 'debt.'"  Buckman v. Am. Bankers Ins. Co. of Fla., 115 F.3d 892, 894-95 (11th Cir. 1997) (citing 15 U.S.C. § 1692k).  "In order to prevail on a FDCPA claim, a Plaintiff

---

[3] According to Wolfe, the law firm was retained to prosecute the Diaz foreclosure action on April 10, 2009.  The "Hello Letter" to Diaz was dated April 15, 2009.  The foreclosure complaint, summons and lis pendens were delivered to the process server for service and filing on April 16, 2009, and were served on Diaz on April 20, 2009.  As to plaintiff Ramos-Hernandez, Wolfe states that the law firm was retained on February 13, 2009, and the "Hello Letter" to him was dated February 17, 2009.  The foreclosure complaint was delivered to the process server on February 19, 2009 for filing and service, and Ramos-Hernandez was served with the Complaint, summons and lis pendens on February 27, 2009.  (Id. at 3, 4.)

[4] At the hearing, plaintiffs questioned the sufficiency of Mr. Wolfe's affidavit.  (Doc. 22 at 17-18.)  Plaintiffs, however, have failed to move to strike Mr. Wolfe's affidavit, and thus any formal defects have been waived.  See Auto Drive-Away Co. of Hilaleah v. Interstate Commerce Comm'n, 360 F.2d 446, 448 (5th Cir. 1966).  Moreover, after the hearing, defendant filed a supplemental affidavit to correct the alleged deficiencies.  (Doc. 27.)  Although plaintiffs filed a motion to strike the supplemental affidavit as untimely (Doc. 28.), this Court has discretion to give defendant an opportunity to correct technical deficiencies.  See Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).

must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-1361 (S.D. Fla. 2000)).

Plaintiffs allege that defendant violated the FDCPA "Unfair practices" provision, 15 U.S.C. § 1692f, which states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .   [T]he following conduct is a violation of this section:
> . . . .
>
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

In its motion for summary judgment, defendant challenges only the first element of a FDCPA claim—whether the "Hello Letters" constituted debt collection activity.[5] Although the FDCPA contains no clear definition of what constitutes "debt collection activity," "[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (quoting Black's Law Dictionary 263 (6th ed. 1990)). The Eleventh Circuit has held, however, that "enforcement of a security

---

[5] In its motion for summary judgment, defendant also argued that it is immune from any liability arising from the "Hello Letters" under Florida's litigation privilege because the letters contain an announcement that defendant intended to file a foreclosure lawsuit. At the hearing, however, defendant abandoned its argument regarding Florida's litigation privilege. (Doc. 22 at 16, 24.)

interest through the foreclosure process is not debt collection for purposes of the Act." Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009) (quotation omitted).[6]

Defendant argues that it is entitled to judgment as a matter of law because the "Hello Letters" "were sent to plaintiffs as part of the mortgage foreclosure process" and thus did not constitute debt collection activity. (Doc. 13 at 11.) Plaintiffs respond that the "Hello Letters" constituted debt collection activity because they "provide instructions on how to dispute the validity of the debt and how to reinstate or pay off the loan" and identify defendant as a "debt collector." (Doc. 14 at 6-7.) Plaintiffs also contend that, because the letters were sent prior to the initiation of foreclosure proceedings and were not required by Florida foreclosure law, the letters and any associated violations "occurred outside the foreclosure process." (Doc. 14 at 5.)

Although not directly applicable to this case, the Eleventh Circuit's interpretation of a "communication" under the FDCPA provides guidance in determining whether the "Hello Letters" constituted debt collection activity under section 1692f. The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). In Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003), the Eleventh Circuit held that a lawsuit package, including a civil complaint, summons to appear, and a FDCPA notice similar to the "Hello Letters" at issue in this case, was not a "communication" under the FDCPA and thus was not subject to the notice

---

[6] Under Warren, only section 1692f(6) of the FDCPA applies to the foreclosure of a security interest. Id.

8

requirements of section 1692g.[7]  The Eleventh Circuit has also found that "a communication made by the party in a foreclosure action or its counsel regarding the foreclosure action is not a 'communication' under 15 U.S.C. § 1692c(b)," a provision that prohibits a debt collector from communicating with outside parties regarding the collection of debt.  Acosta v. Campbell, 309 F. App'x 315, 321 (11th Cir. 2009), cert. denied 130 S. Ct. 69 (2009).  Under this precedent, if the "Hello Letters" had been sent with the foreclosure complaints or after foreclosure proceedings had been initiated, they would not have been "communications" under the FDCPA.  Because the term "communication" is so broadly defined, such letters also likely would not have constituted debt collection activity.

That the "Hello Letters" were sent prior to the initiation of the plaintiffs' foreclosure actions, standing alone, does not meaningfully distinguish this case from Vega and Acosta.  The evidence demonstrates that, like the letter at issue in Acosta, the "Hello Letters" were sent by defendant as part of the foreclosure process rather than in an attempt to collect a debt.[8]  The letters merely informed plaintiffs that a foreclosure complaint was being filed against them and provided the standard notices required by a debt collector under the

---

[7] Section 1692g requires a debt collector to send a notice to the consumer containing certain specified information within five days after the initial "communication" with the consumer.  § 1692g.

[8] The Fifth Circuit has also approved of this approach to determining whether the FDCPA applies by upholding the use of the following jury instruction: "ordinarily, the mere activity of foreclosing under a deed of trust is not the collection of a debt within the meaning of the FDCPA unless other actions are taken beyond those necessary to foreclose under the deed of trust, and were taken in an effort to collect a debt."  Brown v. Morris, 243 F. App'x 31 at 36 (5th Cir. 2007).  This Order focuses on whether there is a material issue of fact as to whether the "Hello Letters" were sent "in an effort to collect a debt."

FDCPA. Although defendant was likely under no obligation to provide these FDCPA notices since the filing of a foreclosure complaint is not debt collection activity, FDCPA law was unclear on that point at the time the letters were written. See Gray v. Four Oak Court Ass'n, 580 F. Supp.2d 883, 887 (D. Minn. 2008) (stating that "whether foreclosure activities constitute debt collection under the FDCPA" had not been authoritatively decided and that "the courts that have considered the issue conflict"). Therefore, when viewed in context, the inclusion of the FDCPA notice language does not, by itself, demonstrate that defendant was attempting to collect a debt.[9] In fact, the letters state that defendant was solely seeking foreclosure and that a personal money judgment would not be pursued. (Doc. 13-5 at 2.)

Moreover, the unrebutted testimony of Wolfe is that defendant's purpose in sending the "Hello Letters" was to comply with the FDCPA and advise the borrowers that defendant had been retained to prosecute a foreclosure action. (Doc. 13-3 at 4-5.) It is also undisputed that defendant was retained solely for the purpose of prosecuting foreclosure actions, and plaintiff has offered no evidence that defendant intended or used the letters for any other purpose. (Id. at 2, 3.)

The timing of the filing of the foreclosure complaints confirms that defendant was not using the letters in an attempt to collect the debt outside the foreclosure process. The

---

[9] Although the letters state, pursuant to the requirements of the FDCPA, that defendant was "attempting to collect a debt," courts have found that such statements, standing alone, do not create a genuine issue of material fact when the evidence demonstrates that the defendant was not actually engaging in debt collection activity. See Nwoke v. Countrywide Home Loans, Inc., 251 F. App'x 363, 365 (7th Cir. 2007); Stamper v. Wilson & Assocs., P.L.L.C., No. 3:09-cv-270, 2010 WL 1408585, at * 9 (E.D. Tenn. March 31, 2010); Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, No. 06-3103, 2007 WL 2695795, at *3-6 (D. Minn. Sept. 12, 2007).

foreclosure complaints in each case were delivered to the process server for service and filing within days of the mailing of each "Hello Letter." (Doc. 13-3 at 3-4.)  Thus, defendant actually filed the foreclosure complaints (as the letter said it would do) quickly; there is no evidence that defendant was using the threat of foreclosure as a means to collect the debt.

The Court therefore holds as a matter of law that the "Hello Letters" at issue in this case did not constitute debt collection activity.[10]  Because the letters were not a "means to collect or attempt to collect any debt," plaintiffs cannot establish that the envelopes constituted a violation of section 1692f(8).  The Court's ruling is premised on the undisputed facts of this case; the Court expresses no opinion as to whether other similar letters, sent under different circumstances, at a different time, or containing different language, may be covered under the Act.[11]  Moreover, this Court's ruling addresses only whether the "Hello

---

[10] Though there is a split of authority, other district courts have held that similar letters containing FDCPA notices sent prior to the initiation of foreclosure actions did not constitute debt collection activity.  See Stamper, 2010 WL 1408585, at * 9; Fouche' v. Shapiro & Massey L.L.P., 575 F. Supp. 2d 776, 787-88 (S.D. Miss. 2008); Beadle v. Haughey, No. 04-272-SM, 2005 WL 300060, at *3-4 (D. N.H. Feb. 9, 2005); Bergs v. Hoover, Bax & Slovacek, L.L.P., No. 3:01-cv-1572-L, 2003 WL 22255679, at *4-5 (N.D. Tex. 2003).  But see Castrillo v. Am. Home Mortg. Servicing, 670 F. Supp. 2d 516, 524-25 (E.D. La. 2009) (holding that a FDCPA notice sent prior to the initiation of foreclosure proceedings was debt collection activity); Rosado v. Taylor, 324 F. Supp. 2d 917, 925 (N.D. Ind. 2004) (same).  Plaintiffs rely heavily on this Court's decision in Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1356 (M.D. Fla. 2007).  Trent, however, did not discuss whether the pre-suit notices at issue in that case constituted debt collection activity and ultimately found that the notices did not violate Florida's debt collection statutes.  The court in Trent thus did not explicitly or implicitly reach the issue of whether the notices were debt collection activity.

[11] This Court specifically does not reach the issue of whether FDCPA notice letters containing different language could constitute debt collection activity.  Plaintiffs do not contend that the content of the "Hello Letters" themselves violated the FDCPA; instead, they only allege that the name printed on the envelopes violates section 1692f(8).

Letters" constituted debt collection activity; it does not reach the issue of whether defendant's envelopes violated section 1692f(8).[12]

Accordingly, it is hereby

**ORDERED**:

1. Defendant Florida Default Law Group P.L.'s Motion For Summary Judgment (Doc. 13) is **GRANTED**.

2. Plaintiff's Motion to Strike Untimely Filed Affidavits (Doc. 28) and Defendant's Response and Alternative Motion for Leave (Doc. 31) are **DENIED**.

3. The Clerk is directed to enter judgment in favor of defendant Florida Default Law Group P.L. and against plaintiffs Nancy Diaz and Miguel Ramos-Hernandez and close the file.[13]

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of January, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js
Copies to:
Counsel of Record

---

[12] Defendant did not move for summary judgment on this issue, either in its initial motion or after this Court granted permission to file a supplemental memorandum. (Docs. 13, 25.)

[13] Because the Court holds as a matter of law that there is no FDCPA violation, the Court need not reach the issue of class certification.